712 P.2d 682

STATE of Idaho, Plaintiff-Respondent,

v.

Bryan W. BROWN,
Defendant-Appellant.

No. 15682.

Court of Appeals of Idaho.

Dec. 16, 1985.

982

Kim R. Lindquist, Weiser, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. René Fitzpatrick, Deputy Atty. Gen., for plaintiff-respondent.

Before WALTERS, C.J., SWANSTROM, J., and MCFADDEN, J. Pro Tem.

PER CURIAM.

Bryan Brown appeals from a judgment of conviction for driving under the influence of alcohol. He was found guilty by a jury in the magistrate division and his conviction was upheld on appeal to the district court. We also affirm.

Brown was stopped by a police officer shortly after midnight for traveling at an excessive speed. While checking Brown's license, the officer detected the odor of alcohol on Brown. The officer asked Brown to perform several field sobriety tests. One test required Brown to recite the alphabet. After first whispering the alphabet, Brown refused the officer's request to repeat the test. Brown was then arrested and cited for driving under the influence. He was asked to submit to a blood alcohol test, which he did. The lab test showed Brown's blood alcohol content (B.A.C.) to be .15 percent. After being held overnight in the county jail, Brown was released on his own recognizance. He was subsequently arraigned and pled not guilty. However, a jury found him guilty, precipitating this appeal.

Brown essentially raises four errors on appeal, encompassing substantive, procedural and evidentiary issues. First, Brown contends the magistrate erred in ruling that the statute under which Brown was charged, I.C. § 49–1102, addresses only one crime and not two separate criminal acts. Next, he argues the magistrate erred in holding a post-arrest probable cause hearing at which neither Brown nor his counsel was present. Third, he asserts the magistrate erred at trial in sustaining an objection by the prosecutor to Brown's cross-examination of the arresting officer. Finally, he contends the prosecutor made an improper closing argument to the jury. We will discuss each of these issues in turn.

I

Brown's first issue on appeal concerns the magistrate's determination that the

statute under which he was charged, I.C. § 49–1102, addressed only one crime, not two.[1] That statute provided:

Persons under the influence of alcohol, drugs or any other intoxicating substances.—(1) It is unlawful for any person who is under the influence of alcohol, drugs, or any other intoxicating substances, or who has 0.10 percent or more, by weight, of alcohol in his blood, urine or breath, as shown by chemical analysis of his blood, urine, breath, or other bodily substance, to drive or be in actual physical control of a motor vehicle within this state. . . .

At trial, the prosecutor's case was based on the theory that Brown's B.A.C. was at least .10 percent. Brown objected that being charged with driving with a B.A.C. of at least .10 percent was a crime different from driving under the influence. Because the citation read "driving under the influence," Brown argued that he did not have notice that the prosecution would be relying on the blood alcohol standard. However, the magistrate ruled that violation of the alcohol concentration standard was synonymous with "driving under the influence," and allowed the prosecutor to proceed with his theory of proof.

Brown asserts that the statute created two separate violations—one for driving under the influence and the other for driving with a .10 percent B.A.C. He argues that the presence of a B.A.C. of .10 percent has nothing to do with whether a defendant is actually influenced by alcohol. We find this to be an unpersuasive argument. Other courts have acknowledged that "driving ability is significantly affected by a B.A.C. of .10% or more." *See Commonwealth v. Hernandez*, 339 Pa.Super. 32, 488 A.2d 293, 301 (1985). Here the magistrate, and the district court on appeal, held that the statute defined only one charge with two alternative methods of proof. We agree with that holding. A reading of the statute convinces us that the legislature sought to prohibit driving while one is influenced by alcohol or drugs. A B.A.C. of at least .10 percent is proof, according to the legislature, of the influence of alcohol, where the accuracy or reliability of the test is not refuted. We agree with the conclusion of the court in *Hernandez* where, faced with a similar question regarding Pennsylvania's statute, the court declared: "We find that the .10% rule does nothing more than specify a quantum of evidence which is legally sufficient to sustain proof of this element of the crime." *Hernandez*, 488 A.2d at 301. Therefore, we hold that Brown has not established any reversible error based on the statutory interpretation issue.

## II

Brown next contends his conviction should be set aside because of alleged errors relating to probable cause for his arrest. He does not suggest the police officer lacked probable cause for the arrest. Rather, he raises questions concerning the procedural aspects of a determination of probable cause by the magistrate.

The record discloses the following. After his arrest and release from jail, Brown personally appeared in court, pursuant to the citation issued by the officer, and pled not guilty. A few days later, counsel entered an appearance on Brown's behalf, reiterated the "not guilty" plea and demanded a trial by jury. Counsel also filed a motion to dismiss or, in the alternative, to suppress evidence obtained from Brown following his arrest—particularly all blood samples and blood alcohol test results. The motion was predicated on the ground that no probable cause hearing had been held either before or at the time Brown initially appeared following his arrest. The magistrate thereafter held a probable cause hearing, without notice to either Brown or to his counsel. The magistrate determined that there was probable cause for Brown's arrest, and that Brown was not prejudiced by the lack of a probable cause hearing prior to his initial appear-

---

1. Subsequent to the conviction in this case, I.C. § 49–1102 was repealed and replaced by I.C. § 18–8004. *See* 1984 Idaho Sess.Laws ch. 22, p. 25, sec. 2.

ance. The magistrate therefore denied Brown's alternative motion to dismiss or to suppress evidence.

Brown now asks that we consider the following questions: (1) Must a probable cause hearing be held before arraignment when a misdemeanor arrest occurs without a warrant? (2) May a post-arraignment probable cause hearing be held after counsel for a defendant has moved to dismiss or to suppress because a hearing was not held prior to arraignment? (3) May a magistrate hold a post-arraignment probable cause hearing in the absence of the defendant or his counsel and without notice to either of them?

■ We will answer these questions in this way: at the defendant's first appearance before the magistrate, the magistrate did not "order the defendant [to be] retained," nor order him "into custody nor require the defendant to post bond." Therefore, under I.C.R. 4 the magistrate was not required to conduct any probable cause hearing. Although the defendant had been in custody, he was released by the sheriff's office without having to post any bond. Arguably, I.C.R. 5 also enumerates circumstances when a magistrate is required to conduct a probable cause hearing "as provided in Rule 4." However, absent the triggering factors listed in Rule 4, Rule 5 does not impose any additional requirements that are applicable in this case.

■ When the magistrate in the exercise of extra-judicial caution decided to hold a probable cause hearing after Brown appeared with counsel he did not deprive Brown of any right afforded by the rules. "It shall not be necessary for the defendant to be present at such hearing or to have the right to confrontation and cross-examination of witnesses, nor shall it be necessary to permit him to have or to provide him with counsel." I.C.R. 4(e). We hold that the defendant's assertions of error in connection with the probable cause hearing are without merit.

### III

Brown next raises an evidentiary issue, relating to cross-examination of the arresting officer during trial. Brown's counsel queried the officer about Brown's refusal to repeat the alphabet a second time. The cross-examination and objections were as follows:

DEFENSE COUNSEL: Then you asked him again to repeat it and he refused.

OFFICER HILDEBRAND: Yes, sir.

DEFENSE COUNSEL: when you asked him the second time, was this before or after you had issued Miranda rights?

OFFICER HILDEBRAND: That was before.

DEFENSE COUNSEL: Notwithstanding that you had not issued them, is not the first right given under Miranda and on the card that you have identified that you have the right to remain silent?

OFFICER HILDEBRAND: Yes, sir.

DEFENSE COUNSEL: Do you contest Mr. Brown's right to—

PROSECUTION: Your Honor, I am going to object to this line of questioning that goes on. That is, those rights are not mandatory at that time. There is no custodial, and I think that possibly can be misleading to the jury.

DEFENSE COUNSEL: Your Honor, I think the Court knows the line of questioning, but it is not an attack on Miranda. It is trying to understand or explore the implications which should be drawn, if any, from my client's refusal the second time around to repeat the alphabet.

PROSECUTION: And those are issues that would be apropos I think of suppression were that to lie, Your Honor, and we have been through that, I think, at one point.

THE COURT: Objection sustained.

■ Brown asserts that the magistrate's termination of the cross-examination of the officer improperly infringed on Brown's right of cross-examination. We disagree. The control of cross-examination is commit-

ted to the sound discretion of the trial judge. *State v. Pierce*, 107 Idaho 96, 685 P.2d 837 (Ct.App.1984). Moreover, absent a showing of prejudice, a limitation of cross-examination imposed by the trial judge will not be overturned on appeal. *Id.* The record does not show any prejudice to Brown by the court's limitation on cross-examination of the officer. We therefore hold there was no abuse of discretion.

### IV

We turn now to the final issue raised by Brown. In his closing argument, the prosecutor essentially encouraged the jury to use common sense to judge the facts instead of looking for technicalities. No objection was interposed by Brown to the prosecutor's argument. We have held that, in order to review such an asserted error on appeal, either there must have been an objection made by the defense when the prosecutor's comments were made, or the comments must have been so egregious or inflammatory that any prejudice arising therefrom could not have been remedied by a ruling from the trial court informing the jury that the comments should be disregarded. *State v. Ames*, 109 Idaho 373, 707 P.2d 484 (Ct.App.1985).

Although we agree with the district court's holding that the prosecutor's plea for common sense as opposed to technicalities was not improper, we believe that the harm, if any, could have been cured or obviated by an admonition from the court in response to a timely objection. We hold that any possible error was not "fundamental" and was not preserved for review on appeal, due to lack of objection by Brown.

No reversible error having been shown on any of Brown's alleged errors, the judgment of conviction is affirmed.