**STATE OF HAWAII**, Plaintiff–Appellee, v. **CLIFTON B. GRINDLES**, Defendant–Appellant

NO. 13322

(Police Report Nos. V744561, V74456)

JULY 27, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

## OPINION OF THE COURT BY LUM, C.J.

Appellant Clifton B. Grindles appeals from his conviction of Driving Under the Influence of Intoxicating Liquor (DUI) in violation of Hawaii Revised Statutes (HRS) § 291–4(a)(1). Appellant claims that the district court erred in "bifurcating" the trial into separate hearings on the two methods of committing DUI described in § 291–4(a). We agree and therefore reverse the DUI conviction and remand for a new trial. Appellant also appeals his conviction of Disregarding a Traffic Control Signal in violation of HRS § 291C–32(a)(2)(A) on the grounds that (1) he was charged under a different statute; and (2) § 291C–32(a)(2)(A) contains no prohibitions which can be violated. We find no error and therefore affirm.

I.

The arresting officer observed Appellant enter an intersection against a red light in the early morning hours of February 15, 1987. The light had turned from yellow to red just as Appellant crossed over the stop line, before the crosswalk. When he entered the intersection, however, the light was red. The officer pulled Appellant over, administered the field sobriety test, and placed Appellant under arrest.

Appellant was charged with DUI in violation of HRS § 291–4(a) and Disregarding a Traffic–Control Signal in violation of HRS § 291C–32. Trial commenced in district court on September 7, 1988 at which time Appellant waived oral reading of the charges.

After the State's direct examination of the arresting officer, the court announced its intention to bifurcate the hearing and take all testimony based on § 291–4(a)(1). Then, if the State made a case under § 291–4(a)(1) ("driving while under the influence"), the court would not take evidence under § 291–4(a)(2) ("driving with a blood alcohol content exceeding 0.10 "). Appellant objected and cross–examination of the officer proceeded.

After the State finished putting on its case, the trial judge asked Appellant if he had any evidence to present in his defense under § 291–4(a)(1). The judge indicated that if he determined that the State proved its case under the § 291–4(a)(1) standard, he would not permit the State to proceed under § 291–4(a)(2). Appellant refused to present any testimony until the State had presented its entire case against him. He

objected on the ground that bifurcation would violate his federal and state guarantees against self–incrimination. The court then pronounced Appellant guilty of violating HRS § 291–4(a)(1) and HRS § 291C–32(a)(2)(A). This appeal followed.

## II.

Appellant maintains that HRS § 291–4(a) creates the single offense of "driving while under the influence of intoxicating liquor" which is provable in two ways, and that the trial court erred in bifurcating the two methods of proof. The State agrees that the statute describes one offense, but argues that the trial court was within the bounds of its discretion in bifurcating the trial. Because of conflicting dicta in our prior decisions,[1] we briefly address the question of whether HRS § 291–4(a) creates separate offenses or one offense provable in two ways. We conclude that the statute sets forth one offense with alternative methods of proof, and that the trial court's action in compelling Appellant to put on his evidence prior to the conclusion of the State's evidence violated his due process right to a fair trial.

Although Appellant did not raise on appeal any due process claim, "the power to *sua sponte* notice 'plain errors or defects affecting substantial rights' clearly resides in this court." *State v. Hernandez*, 61 Haw. 475, 482, 605 P.2d 75, 79 (1980).

## A.

HRS § 291–4(a) provides:
§ 291–4 **Driving under influence of intoxicating liquor.** (a) A person commits the offense of driving under the influence of intoxicating liquor if:

---

[1] *Compare State v. Wacker*, 70 Haw. ___, 770 P.2d 420, 421 (1989) ("But for [HRS § 701–109(2)], appellee could have been tried separately on the offenses under HRS § 291–4(a)(1) and –4(a)(2).") *with Loevsky v. Carter*, 70 Haw. ___, 773 P.2d 1120 (1989) ("HRS § 291–4(a)(1) merely codifies one of the methods available in establishing whether a driver was 'under the influence of intoxicating liquor[.]'")

>    (1)    The person operates or assumes actual physical con-
>            trol of the operation of any vehicle while under the
>            influence of intoxicating liquor; *or*
>    (2)    The person operates or assumes actual physical con-
>            trol of the operation of any vehicle with 0.10 per cent
>            or more, by weight of alcohol in the person's blood.

(Emphasis added).

A plain reading of the statute convinces us that the legislature sought to prohibit one offense—driving while one is influenced by alcohol. The statute provides that a person commits *the* offense of driving under the influence of intoxicating liquor if the person's conduct falls into one of two categories: (1) driving while under the influence *or* (2) driving with a blood alcohol content of 0.10 or more. A blood alcohol content of at least .10 percent is one method of proving the influence of alcohol. *See State v. Brown*, 109 Idaho 981, 712 P.2d 682 (Idaho Ct. App. 1985); *Commonwealth v. Hernandez*, 339 Pa. Super. 32, 488 A.2d 293 (1985); *State v. Franco*, 96 Wash. 2d 816, 639 P.2d 1320 (1982).

Subsections (1) and (2) were created when the legislature amended HRS § 291–4(a) in 1983 to add the provision that DUI could be proven by blood alcohol content. According to the legislative history, the bill provides that "[t]he defendant shall be deemed under the influence of intoxicating liquor if he has ten–hundredths per cent or more by weight of alcohol in his blood." Hse. Stand. Comm. Rep. No. 591, in 1983 House Journal, at 1105. Subsection 291–4(a)(2) simply *sets out an alternative* method of proving the offense established by the DUI statute.

We conclude, therefore, based on the plain language of the statute and its legislative history, that HRS § 291–4(a) provides two alternative means of proving the single offense of driving while under the influence of intoxicating liquor.[2]

### B.

We next consider Appellant's claim that the trial court erred in "bifurcating" the DUI trial, thus compelling him to present his testimony

---

[2] We decline to adopt the dictum in *State v. Wacker*, 70 Haw. ___, 770 P.2d 420, 421 (1989), indicating that § 291–4(a)(1) and –4(a)(2) are separate offenses. *See* note 1, *supra.*

before the conclusion of the State's evidence. We agree and conclude that the trial court's action in bifurcating the two methods of proof provided in § 291–4(a) into separate trials violated Appellant's due process right to a fair trial.

The concept of fairness is inherent in the requirement of due process of law. "As applied to a criminal trial, denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice." *Lisenba v. California*, 314 U.S. 219, 236, 62 S. Ct. 280, 290, 86 L. Ed. 166, 180 (1941). In our legal system, the entire burden of proving criminal activity rests on the State. Due process guarantees the defendant an absolute, unqualified right to require the State to prove its case against him. "[The burden of proof] is on the prosecution from the beginning to the end of the trial, and applies to every element necessary to constitute the crime." *State v. Cuevas*, 53 Haw. 110, 113, 488 P.2d 322, 324 (1971).

While we have recognized that the trial court has wide discretion to control the order of proof at trial, *State v. Alfonso*, 65 Haw. 95, 99, 648 P.2d 696, 700 (1982), such discretion does not extend to the action taken by the trial judge in this case. The judge ordered Appellant to present his defense to the DUI charge before hearing all of the State's evidence against him. We find that such a departure from the well–established order of proof in criminal cases is fundamentally unfair and is not a matter within the discretion of the trial court. Therefore, we hold that in a trial for violation of HRS § 291–4(a), where the State intends to present proof under both subsection 291–4(a)(1) and subsection 291–4(a)(2), the defendant has an absolute right to hear all of the State's evidence against him prior to putting on his defense.

We further find that the trial court's actions in this case improperly burdened Appellant's right against self–incrimination in violation of the fifth amendment to the United States Constitution and article I, section 10 of the Hawaii Constitution. In *Brooks v. Tennessee*, 406 U.S. 605, 92 S. Ct. 1891, 32 L. Ed. 2d 358 (1972), the United States Supreme Court recognized a defendant's constitutional interest in controlling the timing and sequence of evidence in his defense:

> It must often be a very serious question with the accused and his counsel whether he shall be placed upon the stand as a witness, and subjected to the hazard of cross–examination, *a. question that he is not required to decide until, upon a proper survey of all the case as developed by the state*, and met by

witnesses on his own behalf, he may intelligently weigh the advantages and disadvantages of his situation, and, thus advised, determine how to act. Whether he shall testify or not; if so, at what stage in the progress of his defense, are equally submitted to the free and unrestricted choice of one accused of crime, and are in the very nature of things beyond the control or direction of the presiding judge. Control as to either is coercion, and coercion is denial of freedom of action. (Emphasis added).

*Id.* at 608, 92 S. Ct. at 1893, 32 L. Ed. 2d at 361 (quoting *Bell v. State*, 66 Miss. 192, 5 So. 389 (1889)). The Court held that a state statute requiring a defendant who wishes to testify to be the first witness in his defense violated his fifth amendment right against self–incrimination. Such a rule "casts a heavy burden on a defendant's otherwise unconditional right not to take the stand," 406 U.S. at 610–11, 92 S. Ct. at 1894, 32 L. Ed. 2d at 363, and violates the right of the accused and his counsel to decide "whether, and when in the course of presenting his defense the accused should take the stand." *Id.* at 613, 92 S. Ct. at 1895, 32 L. Ed. 2d at 364. Implicit in the Court's decision is that the defendant has an absolute right to hear the *State's* case against him before deciding whether or not to testify in his own behalf.

Accordingly, we conclude that the Appellant was entitled to have the State present its entire case against him under HRS § 291–4(a) before presenting any evidence in his defense or deciding whether or not he himself should take the stand. Therefore, the trial court's action in bifurcating the alternative methods of proof and requiring Appellant to defend against a portion of the State's case under § 291–4(a) was error.[3]

---

[3] We also note that bifurcation of a DUI trial into two separate hearings under HRS § 291–4(a)(1) and –4(a)(2) may subject the defendant to double jeopardy. In this case, jeopardy attached when the court began to hear the State's evidence. Appellant was not subjected to double jeopardy, however, since the trial court adjudicated him guilty at the conclusion of the State's proof under § 291–4(a)(1), and did not proceed to hold a second hearing under § 291–4(a)(2). However, in the event the defendant is acquitted under § 291–4(a)(1) and the court allows the State to proceed under § 291–4(a)(2), the defendant will have been twice placed in jeopardy for the same offense in violation of article I, section 10 of the Hawaii Constitution and the eighth amendment to the U.S. Constitution.

### III.

Finally, we address Appellant's contention that he was erroneously convicted of an offense with which he was not charged. Appellant argues that he was found guilty of violating HRS § 291C–32(a)(2)(A) ("Steady Yellow Indication"), but was charged with a "red light violation."

Appellant's argument is without merit. The record indicates that he was charged with a violation of HRS § 291C–32. If Appellant wanted to narrow the charge, he had the option of moving for a bill of particulars under HRPP Rule 7(g). Moreover, the record shows that Appellant waived the reading of the charge when he appeared in court.

Nor do we find merit in Appellant's argument that HRS § 291C–32(a)(2)(A) is only a "warning" and not a provision that can be violated. The statute reads in pertinent part:

(a) [T]he lights shall indicate and apply to drivers of vehicles and pedestrians as follows:

. . . .

(2) Steady yellow indication:

(A) Vehicular traffic facing a steady yellow signal is thereby warned that the related green movement is being terminated or that a red indication will be exhibited immediately thereafter when *vehicular traffic shall not enter the intersection.*

. . . .

(3) Steady red indication:

(A) Vehicular traffic facing a steady red signal alone shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection or, if none, then before entering the intersection and shall remain standing until an indication to proceed is shown, except as provided in the next succeeding paragraphs. (Emphasis added).

Subsection (2)(A) clearly prohibits entering an intersection against a red light. Since the undisputed evidence indicates that Appellant entered the intersection when the light was red, he was properly convicted under § 291C–32(a)(2)(A).

## IV.

For the foregoing reasons, we affirm Appellant's conviction of Disregarding a Traffic–Control Signal in violation of HRS § 291C–32(a)(2)(A), and we vacate Appellant's conviction of Driving While Under the Influence in violation of HRS § 291–4(a) and remand for a new trial.

*Earle A. Partington* for Defendant–Appellant.

*Dean T. Kauka (Wallace W. Weatherwax* with him on the brief), Deputy Prosecuting Attorneys, for Plaintiff–Appellee.