**STATE OF HAWAII**, Plaintiff–Appellee, v. **DWIGHT DOW**, Defendant–Appellant

NO. 13610

(CR. NO. 87–0096)

OCTOBER 3, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Defendant Dwight Dow (Defendant) appeals his conviction by a jury of driving under the influence of intoxicating liquor (DUI) under Hawaii Revised Statutes (HRS) § 291–4(a)(2) (1985)[1] (driving with a blood alcohol level of 0.10 percent or more) in a second trial, after the trial judge acquitted him of DUI under HRS § 291–4(a)(1) (driving under the influence) in the first trial. The dispositive issue on appeal is whether the constitutional principle of double jeopardy proscribed the second trial. We hold that the second trial placed Defendant twice in jeopardy and reverse the judgment of conviction.

I.

The complaint charged Defendant with DUI under both HRS § 291–4(a)(1) (Count I) and HRS § 291–4(a)(2) (Count II). A trial before a jury commenced on June 8, 1987. After the State of Hawaii (State) rested, the trial court granted Defendant's Hawaii

---

[1] Hawaii Revised Statutes § 291–4(a) (1985) provides as follows:

A person commits the offense of driving under the influence of intoxicating liquor if:

(1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor; or

(2) The person operates or assumes actual physical control of the operation of any vehicle with 0.10 per cent or more, by weight of alcohol in the person's blood.

Rules of Penal Procedure (HRPP) Rule 29(a) [2] motion for judgment of acquittal as to Count I. Since the jury was unable to reach a verdict, the court declared a mistrial as to Count II. On November 30, 1987, the court filed a written judgment of acquittal as to Count I.

On August 2, 1988, Defendant filed a motion to dismiss Count II on the ground of double jeopardy. On August 23, 1988, after a hearing on the motion, the court orally denied the motion.[3]

The second trial commenced on February 21, 1989. The jury found Defendant guilty of Count II. After the entry of the judgment of conviction, Defendant appealed.

## II.

The double jeopardy clause of the Fifth Amendment of the United States Constitution [4] embodies the common law principle that a person "shall not be brought into danger of his life or limb for one and the same offense more than once[.]" 21 Am. Jur. 2d

---

[2] Hawaii Rules of Penal Procedure Rule 29(a) provides as follows:

(a) **Motion Before Submission to Jury.** Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses alleged in the charge after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right.

[3] The "Findings of Fact, Conclusions of Law, and Order Denying Motion to Dismiss Count II of Complaint" was filed on April 24, 1989.

[4] The Fifth Amendment of the United States Constitution provides in relevant part:

[N]or shall any person be subject for the same offence to be twice put in jeopard   i life or limb[.]

*Criminal Law* § 243, at 437–38 (1981) (footnote omitted). The Fifth Amendment double jeopardy prohibition is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S. Ct. 2056, 2062, 23 L. Ed. 2d 707, 716 (1969); *State v. Bannister*, 60 Haw. 658, 661, 594 P.2d 133, 135 (1979). The Hawaii Constitution also includes a double jeopardy clause.[5]

The constitutional guarantee against double jeopardy "protects against a second prosecution for the same offense after acquittal." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L. Ed. 2d 656, 664–65 (1969) (footnote omitted). The double jeopardy bar applies "whether the acquittal was by jury verdict or by a direction of the court, either after the prosecution has completed its case or after all evidence is in." *United States v. Bernhardt*, 840 F.2d 1441, 1447 (9th Cir.), *cert. denied*, 488 U.S. 954, 109 S. Ct. 389, 102 L. Ed. 2d 379 (1988).

### III.

Under HRS § 291–4(a), DUI is a single offense provable by two alternative means—by subsections (a)(1) or (a)(2). *State v. Grindles*, 70 Haw. 528, 531, 777 P.2d 1187, 1190 (1989).

Here, the DUI complaint consisted of two counts, but alleged only one offense. In the first trial, the trial court entered a HRPP Rule 29(a) judgment of acquittal as to Count I. That judgment, in effect, acquitted Defendant of the HRS § 291–4(a) DUI offense. The Rule 29(a) judgment of acquittal triggered a double jeopardy bar. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 575, 97 S. Ct. 1349, 1356, 51 L. Ed. 2d 642, 653 (1977).

---

[5] Art. I, Sec. 10 of the Hawaii Constitution provides in relevant part:

[N]or shall any person be subject for the same offense to be twice put in jeopardy[.]

In *Grindles, supra,* the State charged the defendant with DUI in violation of HRS § 291–4(a). At trial, the district court bifurcated the hearing over the defendant's objection. The court heard the State's case under HRS § 291–4(a)(1) (driving under the influence) first. The court then asked the defendant to present his defense under HRS § 291–4(a)(1), indicating that if the court determined that the State proved its case under that subsection, it would not permit the State to proceed under HRS § 291–4(a)(2) (driving with a blood alcohol level of 0.10 percent or more). The defendant refused to present any evidence in his defense until the State had presented its entire case. The court found the defendant guilty of HRS § 291–4(a)(1). On appeal, the supreme court condemned the "bifurcating" of the DUI trial on due process grounds. The court also commented:

> [I]n the event the defendant is acquitted under § 291–4(a)(1) and the court allows the State to proceed under § 291–4(a)(2), the defendant will have been twice placed in jeopardy for the same offense in violation of article I, section 10 of the Hawaii Constitution and the eighth [sic] amendment to the U.S. Constitution.

70 Haw. at 533 n.3, 777 P.2d at 1191 n.3.

The supreme court's dictum, which we adopt, is applicable to the case at bar. The trial court acquitted Defendant under HRS § 291–4(a)(1) in the first trial. The prosecution of Defendant under HRS § 291–4(a)(2) in the second trial placed Defendant twice in jeopardy and violated the double jeopardy clauses of both the United States and Hawaii Constitutions.

Reversed.

*Earle A. Partington* (Partington & Foley, of counsel) for defendant–appellant.

*Charlotte J. Duarte,* Deputy Prosecuting Attorney, for plaintiff–appellee.