***NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER***

**Electronically Filed
Supreme Court
SCWC-30719
30-APR-2012
08:33 AM**

NO. SCWC-30719

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

STATE OF HAWAIʻI, Respondent/Plaintiff-Appellee,

vs.

ALEJANDRO PADILLA, Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. 30719; CASE NO. 1DTA-10-00147)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, Duffy, and McKenna, JJ.;
with Acoba, J., concurring and dissenting)

Petitioner Alejandro Padilla ("Padilla") seeks review of the Intermediate Court of Appeal's August 2, 2011 Judgment on Appeal, entered pursuant to its June 29, 2011 Summary Disposition Order, which affirmed the District Court of the First Circuit's July 21, 2010 Judgment and Notice. The District Court adjudged Padilla guilty of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaiʻi Revised Statutes ("HRS")

§§ 291E-61(a)(1) and (a)(3)(2007).[1]  We accepted Padilla's application for writ of certiorari and now affirm the ICA's Judgment on Appeal.

On certiorari, Padilla contends that the ICA gravely erred in holding that mens rea need not be alleged in either an HRS § 291E-61(a)(1) or an HRS § 291E-61(a)(3) charge.  In State v. Nesmith, we recently held that (1) mens rea must be alleged in an HRS § 291E-61(a)(1) charge in order to provide fair notice of the nature and cause of the accusation; and (2) mens rea need not be alleged (or proven) in an HRS § 291E-61(a)(3) charge, as the legislative intent to impose absolute liability for an HRS § 291E-61(a)(3) offense plainly appears.  State v. Nesmith, ____ Hawaiʻi ___, ___ P.3d ____ (2012).  Accordingly, the ICA gravely erred in holding that mens rea need not be alleged in an HRS § 291E-61(a)(1) charge.  Therefore, Padilla's HRS § 291E-61(a)(1) charge was deficient for failing to allege mens rea.

---

[1] HRS § 291E-61(a) provided, at the time of the alleged offense, the following:

> A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
> (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;
> (2) While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner;
> (3) With .08 or more grams of alcohol per two hundred ten liters of breath; or
> (4) With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

2

However, the District Court adjudged Padilla guilty of violating both HRS §§ 291E-61(a)(1) and (a)(3).  Subsections (a)(1) and (a)(3) can each serve as the basis for a conviction under HRS § 291E-61.  See State v. Grindles, 70 Haw. 528, 530-31, 777 P.2d 1187, 1189-90 (1989); State v. Caleb, 79 Hawaiʻi 336, 339, 902 P.2d 971, 974 (1995); State v. Mezurashi, 77 Hawaiʻi 94, 98, 881 P.2d 1240, 1244 (1994).  Insofar as the HRS § 291E-61(a)(3) charge was sufficient, and insofar as Padilla does not challenge the sufficiency of the evidence as to that basis, his conviction still stands.

IT IS HEREBY ORDERED that the ICA's Judgment on Appeal is affirmed.

DATED: Honolulu, Hawaiʻi, April 30, 2012.

Timothy I. MacMaster                /s/ Mark E. Recktenwald
for petitioner/
defendant-appellant                 /s/ Paula A. Nakayama

Keith M. Kaneshiro,                 /s/ James E. Duffy, Jr.
Prosecuting Attorney,
and Delanie D. Prescott-Tate,       /s/ Sabrina S. McKenna
Deputy Prosecuting Attorney,
for respondent/plaintiff-
appellee

