**Electronically Filed
Supreme Court
SCWC-30718
03-MAY-2012
08:39 AM**

NO. SCWC-30718

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Respondent/Plaintiff-Appellee,

vs.

KEVIN M. YAMAHATA, Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. 30718; HPD TRAFFIC 1DTA-10-02094)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, Duffy, and McKenna, JJ.,
with Acoba, J., Concurring and Dissenting Separately)

Petitioner/Defendant-Appellant Kevin M. Yamahata, seeks review of the Intermediate Court of Appeal's September 12, 2011 Judgment on Appeal, entered pursuant to its August 22, 2011 Summary Disposition Order ("SDO"). State v. Yamahata, No. 30718, 2011 WL 3671969 (App. Aug. 22, 2011) (SDO). The SDO affirmed the District Court of the First Circuit's August 11, 2011 Order and Notice of Entry of Order. The District Court[1] adjudged Yamahata guilty of Operating a Vehicle Under the Influence of an

---

[1] The Honorable William Cardwell presided.

Intoxicant "OVUII," in violation of Hawaiʻi Revised Statutes ("HRS") § 291E-61(a)(1) and (a)(3).[2] We accepted Yamahata's application for writ of certiorari and now affirm the ICA's Judgment on Appeal.

On certiorari, Yamahata contends that the ICA gravely erred in holding that mens rea need not be alleged in either an HRS § 291E-61(a)(1) or an HRS § 291E-61(a)(3) charge. In State v. Nesmith, we recently held that (1) mens rea must be alleged in an HRS § 291E-61(a)(1) charge in order to provide fair notice of the nature and cause of the accusation; and (2) mens rea need not be alleged (or proven) in an HRS § 291E-61(a)(3) charge, as the

---

[2]    HRS § 291E-61(a) provided, at the time of Yamahata's offense:

(a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

(2)    While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner;

(3)    With .08 or more grams of alcohol per two hundred ten liters of breath; or

(4)    With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

HRS § 291E-61(a) (Supp. 2010).

2

legislative intent to impose absolute liability for an HRS §
291E-61(a)(3) offense plainly appears. State v. Nesmith, ___
Hawai'i ___, ___ P.3d ___ (2012). Accordingly, the ICA gravely
erred in holding that mens rea need not be alleged in an HRS §
291E-61(a)(1) charge. Therefore, Yamahata's HRS § 291E-61(a)(1)
charge was deficient for failing to allege mens rea.

However, the District Court adjudged Yamahata guilty of
violating both HRS §§ 291E-61(a)(1) and (a)(3). Subsections
(a)(1) and (a)(3) can each serve as the basis for a conviction
under HRS § 291E-61. See State v. Grindles, 70 Haw. 528, 530-31,
777 P.2d 1187, 1189-90 (1989); State v. Caleb, 79 Hawai'i 336,
339, 902 P.2d 971, 974 (1995); State v. Mezurashi, 77 Hawai'i 94,
98, 881 P.2d 1240, 1244 (1994). Insofar as the HRS § 291E-
61(a)(3) charge was sufficient, and insofar as Yamahata does not
challenge the sufficiency of the evidence as to that basis, his
conviction still stands.

IT IS HEREBY ORDERED that the ICA's Judgment on Appeal
is affirmed.

DATED: Honolulu, Hawai'i, May 3, 2012.

| | |
|---|---|
| Timothy I. MacMaster for petitioner/defendant-appellant | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Delanie D. Prescott-Tate, Deputy Prosecuting Attorney, for respondent/plaintiff-appellee | /s/ James E. Duffy, Jr. |
| | /s/ Sabrina S. McKenna |