**Electronically Filed
Supreme Court
SCWC-12-0000682
03-MAR-2016
09:19 AM**

SCWC-12-0000682

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

STATE OF HAWAI'I, Respondent/Plaintiff-Appellee,

vs.

LINN M. KIYUNA, Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0000682; CASE NO. 1DTA-11-05236)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Petitioner/Defendant-Appellant Linn M. Kiyuna seeks review of the Intermediate Court of Appeals' ("ICA") May 5, 2015 Judgment on Appeal, entered pursuant to its April 7, 2015 Summary Disposition Order, which affirmed the District Court of the First Circuit's ("district court") July 6, 2012 Notice of Entry of Judgment and/or Order and Plea/Judgment ("district court judgment").[1] The district court found Kiyuna guilty of Operating a Vehicle Under the Influence of an Intoxicant ("OVUII"), in violation of Hawai'i Revised Statutes ("HRS")

_____

[1] The Honorable Lono Lee presided.

§ 291E-61(a)(1) and/or (4) (2007).[2]  This court accepted Kiyuna's

Application for Writ of Certiorari, and we now affirm the ICA's

Judgment on Appeal and the district court judgment.

On certiorari, Kiyuna contends that (1) his Miranda rights

under Article I, Section 10 of the Hawai'i Constitution were

violated when, while in custody, he was asked by the police,

without Miranda warnings, if he wanted to refuse to take a blood

alcohol test, which was likely to incriminate himself; (2) his

statutory right to an attorney was violated; and (3) the

district court improperly allowed the State to amend its

complaint to allege the requisite mens rea for the HRS § 291E-

61(a)(1) charge.

In this court's recent summary disposition order in State

v. Kam, we held that "the ICA correctly concluded that the

district court properly permitted the State to amend" an HRS

§ 291E-61(a)(1) charge to allege the requisite mens rea.  State

---

[2]      HRS § 291E-61(a)(1) and (4) provide in relevant part:

(a)   A person commits the offense of operating a vehicle under
      the influence of an intoxicant if the person operates or
      assumes actual physical control of a vehicle:

      (1)  While under the influence of alcohol in an amount
      sufficient to impair the person's normal mental faculties
      or ability to care for the person and guard against
      casualty; [or]

      . . . .

      (4)   With .08 or more grams of alcohol per one hundred
      milliliters or cubic centimeters of blood.

v. Kam, SCWC-12-0000897 (Haw. Feb. 25, 2016) (SDO) at 2. Accordingly, the district court properly permitted the State to amend Kiyuna's HRS § 291E-61(a)(1) charge to allege mens rea.

Kiyuna was convicted for violating both HRS § 291E-61(a)(1) and (a)(4). Either subsection can serve as the basis for a conviction under HRS § 291E-61. See State v. Grindles, 70 Haw. 528, 530-31, 777 P.2d 1187, 1189-90 (1989); State v. Caleb, 79 Hawai'i 336, 339, 902 P.2d 971, 974 (1995); State v. Mezurashi, 77 Hawai'i 94, 98, 881 P.2d 1240, 1244 (1994). Insofar as the HRS § 291E-61(a)(1) charge was properly amended, and insofar as Kiyuna does not challenge the sufficiency of the evidence supporting his conviction for violating HRS § 291E-61(a)(1), his OVUII conviction still stands. There is no need for this court to address his argument that the blood test results supporting his HRS § 291E-61(a)(4) conviction were obtained in violation of his Miranda rights and/or his statutory right to counsel.

IT IS HEREBY ORDERED that the ICA's May 5, 2015 Judgment on Appeal and the district court judgment are affirmed.

DATED: Honolulu, Hawai'i, March 3, 2016.

Jonathan Burge
for petitioner

Brian R. Vincent
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

