**Electronically Filed
Supreme Court
SCWC-12-0000685
18-APR-2016
01:05 PM**

SCWC-12-0000685

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

NATUITASINA CYRIL TUIA,
Petitioner/Defendant-Appellant.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0000685; 1DTA-12-01552)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Petitioner/Defendant-Appellant Natuitasina Cyril Tuia (Tuia) seeks review of the Intermediate Court of Appeals' (ICA) July 3, 2014 Judgment on Appeal, entered pursuant to its June 4, 2014 Summary Disposition Order, which affirmed the District Court of the First Circuit's (district court) July 20, 2012 Notice of Entry of Judgment and/or Order and Plea/Judgment (district court judgment). The district court found Tuia guilty of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in

violation of Hawaiʻi Revised Statutes (HRS) § 291E-61(a)(1) and (a)(3) (Supp. 2012).[1]  This court accepted Tuia's Application for Writ of Certiorari, and we now affirm the ICA's Judgment on Appeal and the district court's judgment.

On certiorari, Tuia contends that (1) his Miranda rights under Article I, Section 10 of the Hawaiʻi Constitution were violated when, while in custody, he was asked by the police, without Miranda warnings, if he wanted to refuse to take a blood alcohol test, which was likely to incriminate himself; (2) his statutory right to an attorney was violated; (3) his due process rights under Article I, Section 5 of the Hawaiʻi Constitution were violated when the police told his that he "shall" be subject to 30 days in jail if he did not take a blood alcohol test; and (4) the district court improperly allowed the State to amend its complaint to allege the requisite mens rea for the HRS § 291E-

---

[1]     HRS § 291E-61(a) states in relevant part:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

. . . .

(3) With .08 or more grams of alcohol per two hundred ten liters of breath.

61(a)(1) charge and double jeopardy would bar retrial on that charge.

In this court's recent summary disposition order in SCWC-12-897, State v. Kam, we held that "the ICA correctly concluded that the district court properly permitted the State to amend" an HRS § 291E-61(a)(1) charge to allege the requisite mens rea. State v. Kam, SCWC-12-0000897 (Haw. Feb. 25, 2016) (SDO) at 2. Accordingly, the district court properly permitted the State to amend Tuia's HRS § 291E-61(a)(1) charge to allege mens rea.

Tuia was convicted for violating both HRS § 291E-61(a)(1) and (a)(3). Either subsection can serve as the basis for a conviction under HRS § 291E-61. See State v. Grindles, 70 Haw. 528, 530-31, 777 P.2d 1187, 1189-90 (1989); State v. Caleb, 79 Hawaiʻi 336, 339, 902 P.2s 971, 974 (1995); State v. Mezurashi, 77 Hawaiʻi 94, 98, 881 P.2d 1240, 1244 (1994). Insofar as the HRS § 291E-61(a)(1) charge was properly amended, and insofar as Tuia does not challenge the sufficiency of the evidence supporting his conviction for violating HRS § 291E-61(a)(1), his OVUII conviction stands. There is no need for this court to address his argument that the blood test results supporting his HRS § 291E-61(a)(3) conviction were obtained in violation of his Miranda rights, his statutory right to counsel, and/or his due process rights. Additionally, Tuia's double

3

jeopardy argument is irrelevant because we now affirm his conviction.

IT IS HEREBY ORDERED that the ICA's July 3, 2014 Judgment on Appeal and the district court's July 20, 2012 judgment are affirmed.

DATED: Honolulu, Hawaiʻi, April 18, 2016.

Jonathan Burge
for petitioner

Brian R. Vincent
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

