\*\*\*   NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER   \*\*\*

**Electronically Filed**
**Supreme Court**
**SCWC-12-0000684**
**25-APR-2016**
**12:16 PM**

SCWC-12-0000684

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

―――――――――――――――――――――――――――――――――――

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

RICK J. FISHER,
Petitioner/Defendant-Appellant.

―――――――――――――――――――――――――――――――――――

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0000684; CASE NO. 1DTA-11-04714)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Petitioner/Defendant-Appellant Rick J. Fisher (Fisher)
seeks review of the Intermediate Court of Appeals' (ICA) July
14, 2014 Judgment on Appeal, entered pursuant to its June 16,
2014 Summary Disposition Order, which affirmed the District
Court of the First Circuit's (district court) Notice of Entry of
Judgment and/or Order and Plea/Judgment entered on July 20,

2012.[1]  The district court found Fisher guilty of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawai'i Revised Statutes (HRS) § 291E-61(a)(1) and/or (3) (Supp. 2012).[2]  We accepted Fisher's Application for Writ of Certiorari, and we now affirm the ICA's Judgment on Appeal and the district court's Judgment.

On certiorari, Fisher contends (1) he was subject to custodial interrogation and should have been informed of his Miranda rights guaranteed by Article I, Section 10 of the Hawai'i Constitution; (2) his statutory right to an attorney was violated; (3) his due process rights under Article I, Section 5 of the Hawai'i Constitution were violated when the police told him that he "shall" be subject to up to 30 days in jail if he did not take a breath, blood, or urine test; and (4) the district court improperly allowed the State to amend its

---

[1]     The Honorable Clarence A. Pacarro presided over the proceedings that addressed the State's motion to amend the complaint.  The Honorable Lono J. Lee presided over Fisher's trial.

[2]     HRS § 291E-61 provides in relevant part:

(a)     A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)     While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]

. . .

(3)     With .08 or more grams of alcohol per two hundred ten liters of breath. . . .

2

complaint to allege the requisite mens rea for the HRS § 291E-61(a)(1) charge and double jeopardy would bar retrial on that charge.

In this court's recent summary disposition order in State v. Kam, No. SCWC-12-0000897 (Haw. Feb. 25, 2016) (SDO), we held that "the ICA correctly concluded that the district court properly permitted the State to amend" an HRS § 291E-61(a)(1) charge to allege the requisite mens rea. Kam, SDO at 2. Accordingly, the district court properly permitted the State to amend Fisher's HRS § 291E-61(a)(1) charge to allege mens rea.

Fisher was convicted for violating both HRS § 291E-61(a)(1) and (a)(3). Either subsection can serve as the basis for a conviction under HRS § 291E-61. See State v. Caleb, 79 Hawai'i 336, 339, 902 P.2d 971, 974 (1995); State v. Mezurashi, 77 Hawai'i 94, 98, 881 P.2d 1240, 1244 (1994); State v. Grindles, 70 Haw. 528, 530-31, 777 P.2d 1187, 1189-90 (1989). Insofar as the HRS § 291E-61(a)(1) charge was properly amended, and insofar as Fisher does not challenge the sufficiency of the evidence supporting his conviction for violating HRS § 291E-61(a)(1), his OVUII conviction still stands. There is no need for this court to address his argument that the breath test result supporting his HRS § 291E-61(a)(3) conviction was obtained in violation of his Miranda rights, his statutory right to counsel, and/or his

due process rights.  Additionally, Fisher's double jeopardy argument is irrelevant because we now affirm his conviction.

IT IS HEREBY ORDERED that the ICA's July 14, 2014 Judgment on Appeal and the district court's Judgment are affirmed.

DATED:  Honolulu, Hawai'i, April 25, 2016.

Jonathan Burge                          /s/ Mark E. Recktenwald
for petitioner
                                        /s/ Paula A. Nakayama
Brian R. Vincent
For respondent                          /s/ Sabrina S. McKenna

                                        /s/ Richard W. Pollack

                                        /s/ Michael D. Wilson