313 P.3d 690

STATE of Hawai'i, Respondent/Plaintiff–
Appellee,

v.

Daniel S. NAKANO,
Petitioner/Defendant–Appellant.

No. SCWC–12–0000106.

Supreme Court of Hawai'i.

Oct. 8, 2013.

Samuel P. King, Jr., Honolulu, for petitioner.

Donn Fudo, Honolulu, for respondent.

RECKTENWALD, C.J., NAKAYAMA, ACOBA, McKENNA, and POLLACK, JJ.

Opinion of the Court by
RECKTENWALD, C.J.

Daniel S. Nakano was charged with Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in violation of Hawai'i Revised Statutes (HRS) §§ 291E–61(a)(1), (a)(3), and (b)(1). Nakano entered a conditional no contest plea as to HRS § 291E–61(a)(1), conditioned on his ability to appeal on the ground that the charge was defective because it did not allege a state of mind. The State consented to the conditional plea. Although Nakano's written submission of plea form contained a conditional plea only to the HRS § 291E–61(a)(1) method of proof, the district court convicted Nakano of OVUII under both HRS §§ 291E–61(a)(1) and (a)(3).[1]

On appeal, the Intermediate Court of Appeals (ICA) determined that the district court's judgment should be vacated as to the HRS § 291E–61(a)(1) method of proof based on this court's decision in State v. Nesmith,

127 Hawai'i 48, 276 P.3d 617 (2012). The ICA further vacated Nakano's conviction as to HRS § 291E–61(a)(3), but determined that, on remand, the State could proceed to prosecute Nakano under the HRS § 291E–61(a)(3) method of proof. In his application, Nakano argues that the ICA violated his right to due process in remanding the HRS § 291E–61(a)(3) method of proof for further proceedings.

We conclude that the State cannot prosecute Nakano under HRS § 291E–61(a)(3). Although the State did not explicitly agree to give up the HRS § 291E–61(a)(3) method of proof, it appears to have agreed to Nakano's no contest plea under HRS § 291E–61(a)(1), and any ambiguity as to what the State agreed to should be construed in favor of Nakano. Accordingly, we affirm the ICA's judgment vacating the district court's judgment, but clarify that, on remand, the State is precluded from prosecuting Nakano under the HRS § 291E–61(a)(3) method of proof.

## I. Background

The following factual background is taken from the record on appeal.

### A. District Court Proceedings

On June 27, 2011, the State filed a complaint against Nakano, alleging he committed the offense of OVUII "in violation of Section 291E–61(a)(1) and/or (a)(3) of the [HRS]." The complaint did not contain a state of mind allegation.

At a proceeding on January 23, 2012, the deputy prosecuting attorney (DPA) informed the district court that the prosecution and the defense had "come to a conditional plea agreement" that "Nakano will be pleading No Contest to 291E–61(a)(1)(b)(1) and—" Defense counsel then stated:

That's true, Judge. And we have the form in front of you.

The conditional plea is raised, as you know, the issue of whether state of mind is required to be charged in a written complaint charging DUI[.] . . . So we are preserving that issue for appeal, otherwise we're doing a conditional plea.

1. The Honorable Lono J. Lee presided.

Nakano submitted a Written Submission of Plea form, in which he initialed the following statements: "I plead ... No Contest to the following charge(s): *HRS 261E–61(a)(1) and (b)(1)*[.] ... This is a conditional plea under HRPP Rule 11(a)(2)—Defendant is preserving the issue of the requirement of state of mind being charged in the written Complaint." (Emphasis added).

The following exchange then occurred at the proceeding:

THE COURT: Okay. (Indiscernible) stipulate to a factual basis.[2]

[Defense]: Yes. There's already a written charge, so we waive public reading of the written charge. And although our argument is that the charge is defective because it doesn't include state of mind.

The DPA then asked to re-arraign Nakano, and Nakano objected. The district court denied the DPA's request in light of a pending appeal of an unrelated case on the same issue, and because mens rea was a material element and the "original charge should have been dismissed without prejudice and recharged with the mens rea language." The district court continued:

THE COURT: The written filed complaint ... has been filed, and that is what the defense is entering a No Contest Plea to. Conditionally, that if the Supreme Court overturns the ICA decision regarding mens rea that they will be allowed to withdraw the plea, correct?

[Defense]: Yes. I guess, basically, Judge, what I'm arguing is that the charge, as it's written, should be dismissed because it's defective. If you deny the motion, yes, then we're—which I'm making, then we're preserving that issue on a conditional plea.

THE COURT: Okay.... [Y]our oral motion is denied.

2. Because the transcript is indiscernible, it is unclear whether defense counsel stipulated to a factual basis to the entire charge as set forth in the complaint, i.e., HRS §§ 291E–61(a)(1) and (a)(3), or only to HRS § 291E–61(a)(1), as reflected in the Written Submission of Plea form.

3. HRPP Rule 11(a)(2) (Supp.2011) provides:

The following exchange then occurred regarding Nakano's plea of No Contest:

THE COURT: ... Okay, so your client's making a conditional plea—

[Defense]: Yes.

THE COURT:—on the original charge?

[Defense]: Yes.

THE COURT: Okay. And waive formal reading of that charge is stipulated to a factual basis?

[Defense]: Yes.

THE COURT: Okay. Submit—

[Defense]: Again, preserving our issue for appeal.

THE COURT: All right.

Okay. So, Mr. Nakano, you previously received a filed copy of the complaint for driving under the influence. It's a first offense. The violation date was June 10th, 2011. You understand that charge?

[Nakano]: Yes.

THE COURT: Okay. And what's your plea?

[Nakano]: No Contest.

THE COURT: Okay. No Contest, okay.

No Contest means you're not contesting the charge, but you were found guilty for sentencing. You understand?

[Nakano]: Yes.

THE COURT: Okay. And Court did receive a change of plea form, okay. It's stating in captions: "Condition." Your No Contest Plea is conditional and that is based on your attorney's arguments before this court.

[Defense]: And I did—I did write at the end of the plea form ... what the issue is, Judge.

THE COURT: Right.

That this is a conditional plea under [HRPP] Rule 11(a)(2).[3] Defendant is

Conditional Pleas. With the approval of the court and the consent of the State, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specific pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

preserving the issue of the requirement of <u>state of mind being charged in the written complaint</u>.

[Defense]: <u>Yes</u>.

THE COURT: Yeah, that's what it is, right? Okay.

Any questions about the form?

[Nakano]: No.

THE COURT: Okay. You also reviewed the penalties?

[Nakano]: Yes.

THE COURT: ... Knowing [the available] penalties, you still want to enter a No Contest Plea?

[Nakano]: Yes.

THE COURT: Okay. You're giving up your right to a trial and to have the State prove this charge beyond a reasonable doubt. You understand that?

[Nakano]: Yes.

THE COURT: And do you want to say anything about this offense or sentencing?

[Nakano]: No.

THE COURT: No?

I will accept the No Contest Plea; find you guilty <u>as charged</u>. (Inaudible) knowing, voluntarily, and intelligent.

(Emphases added).

The district court then sentenced Nakano, but stayed the sentence pending appeal.

The district court subsequently entered its Order and Notice of Entry of Order reflecting the acceptance of the No Contest plea

and imposing the aforementioned sentence. The Order and Notice of Entry of Order identified one count against Nakano—"HRS 291E–61(a)(1)(3)(b)(1)"—and noted that it had accepted Nakano's nolo contendere plea on that count.[4] Nakano timely filed a notice of appeal.

## B.  ICA Appeal

While Nakano's appeal was pending, but before filing of Nakano's opening brief, this court decided *State v. Nesmith,* 127 Hawai'i 48, 276 P.3d 617 (2012), in which we held that an HRS § 291E–61(a)(1) charge that omitted mens rea was deficient.[5] In his opening brief, Nakano argued based on *Nesmith* that the district court erred in denying his oral motion to dismiss the HRS § 291E–61(a)(1) complaint. Nakano specifically argued: "[T]his Court should allow [Nakano] to withdraw his plea on remand in this case pursuant to HRPP Rule 11(a)(2) and order that the case be dismissal [sic] by the District Court for lack of jurisdiction because the Complaint fails to state a proper charge."

In its answering brief, the State acknowledged that the omission of a state of mind from the HRS § 291E–61(a)(1) charge rendered it defective under *Nesmith.* However, the State asserted that Nakano was charged with violating either HRS §§ 291E–61(a)(1) or (a)(3), and in light of this court's decision in *Nesmith,* "a state of mind was not required for the HRS § 291E–61(a)(3) OVUII charge, therefore the charge was not defective with regard to OVUII charged pursuant to HRS § 291E–61(a)(3)." The State further

---

4. In his application, Nakano argues that the district court did not convict him of the HRS § 291E–61(a)(3) charge. However, the district court's Order and Notice of Entry of Order indicates that the charge in Count 1 included both HRS §§ 291E–61(a)(1) and (a)(3), and that the district court accepted Nakano's plea of no contest on this "[c]ount[.]" Thus, it appears the district court did erroneously convict Nakano on both methods of proof, despite his conditional plea only to HRS § 291E–61(a)(1).

5. In *Nesmith,* the defendants were each charged with OVUII in violation of HRS §§ "291E–61(a)(1) and/or (a)(3)[.]" 127 Hawai'i at 50, 276 P.3d at 619. The complaints against each defendant did not allege mens rea, and the defendants timely moved to dismiss their respective complaints based on the argument that the State

failed to allege an essential fact, i.e., mens rea. *Id.* at 51, 276 P.3d at 620. The trial court denied the motions to dismiss and subsequently found both defendants guilty as charged. *Id.* This court held that the HRS § 291E–61(a)(1) charge must allege mens rea and was therefore deficient, but that the HRS § 291E–61(a)(3) charge was sufficient because HRS § 291E–61(a)(3) is a strict liability offense. *Id.* at 53, 276 P.3d at 622. This court further held that HRS § 291E–61(a)(1) and (a)(3) "can each serve as the basis for a conviction under HRS § 291E–61." *Id.* at 61, 276 P.3d at 630. Because the case had proceeded to trial and there was sufficient evidence to support the HRS § 291E–61(a)(3) method of proof, this court upheld the district court's judgments of conviction and sentence under HRS § 291E–61(a)(3). *Id.*

asserted that "on remand [Nakano's] conviction and sentence for his no contest plea to the OVUII charge based on HRS § 291E–61(a)(3) should be affirmed[.]"

Nakano filed a reply brief and argued that the HRS § 291E–61(a)(1) charge must be dismissed without prejudice. In addition, Nakano contended that he did not enter a plea to the HRS § 291E–61(a)(3) charge, and therefore, "there is no reason to address the (a)(3) charge, and the entire Complaint should be dismissed without prejudice."

On April 17, 2013, the ICA filed an initial summary disposition order (SDO) affirming the district court's judgment as to his conviction under HRS § 291E–61(a)(3), but vacating his conviction under HRS § 291E–61(a)(1). Nakano filed a motion for reconsideration and argued that he did not plead to the charge under HRS § 291E–61(a)(3). The ICA filed an Order granting the motion for reconsideration, and ordered that the April 17, 2013 SDO be vacated and that a new SDO be filed.

In its April 26, 2013 SDO, the ICA determined:

> Based on the Hawai'i Supreme Court's decision in *State v. Nesmith*, 127 Hawai'i 48, 61, 276 P.3d 617, 630 (2012), we conclude that the complaint was sufficient to charge OVUII in violation of HRS § 291E–61(a)(3), but was insufficient to charge OVUII in violation of HRS § 291E–61(a)(1). Thus, no effective charge against Nakano under HRS § 291[E]–61(a)(1) existed, but the State was entitled to proceed to trial on the OVUII offense charged under HRS § 291E–61(a)(3). However, where no trial ensued on the (a)(3) offense, and where Nakano neither entered a no contest plea nor stipulated to a factual basis for the OVUII charge under HRS § 291E–61(a)(3), no proof has yet been adduced to support a conviction under HRS § 291E–61(a)(3), and said conviction cannot be sustained.

*State v. Nakano*, No. CAAP–12–0000106, 129 Hawai'i 425, 2013 WL 1789414, *1 (Haw.App. Apr. 26, 2013).

Accordingly, the ICA vacated the district court's judgment and remanded the case to the district court for further proceedings. *Id.*

Nakano filed a motion for reconsideration and argued:

> The problem with [the April 26, 2013 SDO] is that it gives the State an inappropriate "second bite at the apple" on the HRS [§ ] 291E–61(a)(3) charge. The date [Nakano] entered a conditional plea on the (a)(1) charge was the trial date for the (a)(1) and (a)(3) charges. [Nakano] offered to enter a conditional plea on the (a)(1) charge, and the State chose not to proceed on the (a)(3) charge. By allowing [Nakano] to enter the conditional plea only to the (a)(1) charge, the State chose to put an end to the litigation of the charge of OVUII which is a single offense (*see State v. Grindles*, 70 Haw. 528, 777 P.2d 1187 (1989)) even though there are multiple ways ((a)(1) and (a)(3)) to prove the single OVUII offense. By allowing [Nakano] to enter the conditional plea, which requires the consent of the State ... to only the (a)(1) charge, the State was consenting to give up proceeding on the (a)(3) method of proving the OVUII charge.... As the Hawaii Supreme Court stated in *Grindles*, it would be a violation of a defendant's due process right to a fair trial to allow an OVUII charge ... to be bifurcated. Put another way, it would have been inappropriate for the trial court in this case to have allowed a plea only resolving the (a)(1) charge and allow the (a)(3) charge to "hang out there."

On May 7, 2013, the ICA issued an order denying Nakano's motion for reconsideration. *State v. Nakano*, No. CAAP12–0000106, 2013 WL 1905111, at *1 (Haw.App. May 7, 2013) (Order Denying Motion for Reconsideration). The ICA stated, in relevant part:

> *Grindles* is inapposite, where it concerned violations of due process and the right against self-incrimination by the district court's requiring the defendant to testify (as to one method of DUI) before conclusion of the State's evidence (on another method of DUI) in a bifurcated trial. In the instant case, where no effective

(a)(1) charge existed because of a lack of alleged mens rea, Nakano was not placed in jeopardy by that defective charge. Additionally, the record does not reflect that the State or the district court understood that Nakano was pleading only to (a)(1), where no confirmation of such by the State occurred, and where the district court inquired if Nakano was pleading "as charged," to which Nakano's counsel answered in the affirmative, and then the district court proceeded to convict Nakano under (a)(3) in addition to (a)(1). Thus, the State's right to proceed to trial notwithstanding the plea does not prejudice Nakano's right to due process.

*Id.* (footnotes omitted).

## II. Standard of Review

█ The appellate court reviews questions of constitutional law de novo under the "right/wrong" standard and, thus, exercises its "own independent judgment based on the facts of the case." *State v. Jenkins*, 93 Hawai'i 87, 100, 997 P.2d 13, 26 (2000) (internal quotation marks and citation omitted).

## III. Discussion

### A. On remand, the State may not prosecute Nakano under the HRS § 291E–61(a)(3) method of proof

█ It is undisputed that the complaint against Nakano failed to allege a mens rea and, therefore, was insufficient to charge a violation of HRS § 291E–61(a)(1). *See Nesmith*, 127 Hawai'i at 61, 276 P.3d at 630. Accordingly, on remand, the charge of HRS § 291E–61(a)(1) should be dismissed without prejudice. *State v. Spearman*, 129 Hawai'i 146, 151–52, 296 P.3d 359, 364–65 (2013). However, because the complaint alleged both the HRS § 291E–61(a)(1) and (a)(3) methods of proof, this court must determine whether the State is permitted to proceed under HRS § 291E–61(a)(3) on remand. Nakano asserts that the State is precluded from proceeding under HRS § 291E–61(a)(3) because it "gave up" that method of proof when it "agreed" to

Nakano's no contest plea solely under HRS § 291E–61(a)(1). For the reasons set forth below, we agree with Nakano and conclude that the State may not proceed on the HRS § 291E–61(a)(3) method of proof.

As noted, Nakano was charged with OVUII under two alternative methods of proof: HRS § 291E–61(a)(1) (providing that a person commits OVUII when he or she operates a vehicle "[w]hile under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty"), and HRS § 291E–61(a)(3) (providing that a person commits OVUII when he or she operates a vehicle "[w]ith .08 or more grams of alcohol per two hundred ten liters of breath"). Nakano filed a Written Submission of Plea Form in which he entered a plea of no contest solely to the HRS § 291E–61(a)(1) method of proof. The form was silent with respect to HRS § 291E–61(a)(3). The State consented to the conditional plea at a hearing. *See* HRPP Rule 11(a)(2) ("With the approval of the court <u>and the consent of the State</u>, a defendant may enter a conditional plea of guilty or nolo contendere, reserving the right, on appeal from the judgment, to seek review of the adverse determination of any specific pretrial motion." (emphasis added)). However, the transcript of the hearing reveals some ambiguity as to the State's and the district court's understandings of the plea.

As noted, at the start of the hearing, the DPA informed the court that "Nakano will be pleading No Contest to 291E–61(a)(1)(b)(1) and—" The district court subsequently asked whether Nakano was pleading no contest "on the original charge," to which defense counsel stated, "Yes." However, the district court also asked whether Nakano understood the Submission of Plea Form, which contained a plea only as to HRS § 291E–61(a)(1).[6] The district court then found Nakano guilty "as charged," and defense counsel did not object to that determination.[7]

---

6. HRPP Rule 11(c)(1) provides: "Advice to defendant. The court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and

determining that the defendant understands … the nature of the charge to which the plea is offered[.]"

■ At no time did the parties or the district court reference the disposition of the HRS § 291E–61(a)(3) charge. Moreover, the record contains no explicit agreement by the State that it intended to forego proceeding under HRS § 291E–61(a)(3). Nevertheless, the State indicated that it had "come to a conditional plea agreement" with Nakano, provided its consent to the conditional plea, and acknowledged at the hearing that Nakano was pleading "No Contest to 291E–61(a)(1)(b)(1) and—" At the very least, the agreement between the State and Nakano was ambiguous as to the status of the HRS § 291E–61(a)(3) method of proof, and any ambiguity in the plea agreement is strictly construed in favor of the defendant. *See State v. Abbott,* 79 Hawai'i 317, 320, 901 P.2d 1296, 1299 (App.1995) ("[A] plea agreement containing terms that are ambiguous or reasonably susceptible to different interpretations is strictly construed in favor of the defendant.").

Thus, we construe the State as having given up its ability to prosecute Nakano under HRS § 291E–61(a)(3) in exchange for his conditional plea under HRS § 291E–61(a)(1). Put another way, the State's consent to the conditional plea reflected a plea agreement between the State and Nakano, i.e., the defendant pled no contest and gave up his constitutional rights with respect to the HRS § 291E–61(a)(1) method of proof, in exchange for the State's agreement not to proceed under the HRS § 291E–61(a)(3) method of proof. *See State v. Adams,* 76 Hawai'i 408, 412, 879 P.2d 513, 517 (1994) ("A plea agreement is essentially a contract entered into between the State and the defendant, in which the defendant agrees to plead guilty or no contest to a charge and to forego certain constitutional rights (including the right to trial) in exchange for which the State promises some form of leniency or cooperation in prosecution.").

■ In these circumstances, allowing the State to prosecute Nakano under HRS § 291E–61(a)(3) would allow the State to avoid its end of the bargain, and would thereby violate Nakano's due process rights. *See State v. Miller,* 122 Hawai'i 92, 100–01, 223 P.3d 157, 165–66 (2010). It is well settled in this jurisdiction that the "state is bound by the terms of a plea agreement which serves as the inducement or consideration for a defendant's guilty or no-contest plea." *Abbott,* 79 Hawai'i at 319, 901 P.2d at 1298 (citing *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)). "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello,* 404 U.S. at 262, 92 S.Ct. 495 (emphasis added).

In *Adams,* the defendant Barton J. Adams was charged with 21 counts of fraud and theft. 76 Hawai'i at 409, 879 P.2d at 514. Adams agreed with the State to plead no contest to one count of fraud in exchange for, inter alia, the State's promise to "stand silent ... and not oppose" his requests for a deferred acceptance of his no contest plea and for no jail time. *Id.* The State subsequently submitted a "sharply critical" seven-page "statement" to the Adult Probation Division. *Id.* Adams moved to withdraw his plea, but the circuit court denied the motion. *Id.* On appeal, this court determined that the State's "statement" violated the plea agreement. *Id.* This court stated, "because a plea agreement 'implicates constitutional considerations—including the fairness and voluntariness of the plea,'" "the terms of a plea agreement, which serve as the inducement for entering a plea, must be fulfilled.... Indeed, due process requires that the State uphold its end of the bargain." *Id.* at 412, 414, 879 P.2d at 517, 519. This court further concluded, "where a defendant is denied due process because the prosecution violates a plea agreement, there is manifest injustice as a matter of law[.]" *Id.* at 414, 879 P.2d at 519. Because this

7. Although the district court entered judgment as to the HRS § 291E–61(a)(3) method of proof, the record does not establish that Nakano in fact pleaded no contest to that method of proof, particularly when the Written Submission of Plea form indicated that Nakano was only entering a plea under HRS § 291E–61(a)(1). Accordingly, the district court should not have entered judgment against Nakano on the HRS § 291E–61(a)(3) method of proof.

court determined that the State breached the plea agreement, it vacated the circuit court's order denying Adams's motion to withdraw his no contest plea. *Id.* at 415, 879 P.2d at 520.

Recently, in *Miller*, this court reaffirmed the holding of *Adams* and concluded that within the context of the State's agreement to take no position on a defendant's motion for deferred acceptance of no contest plea at sentencing, the State breached the plea agreement, which thereby implicated the defendant's due process rights. 122 Hawai'i at 100–01, 223 P.3d at 165–66. In addition, this court, citing the United States Supreme Court's decision in *Santobello*, concluded that "based on the breach alone, the case must be remanded in 'the interests of justice,' regardless of prejudice, because, in the case of a plea agreement, the prosecutor's 'promise must be fulfilled.'" *Miller*, 122 Hawai'i at 100–01, 223 P.3d at 165–66. This court concluded, "Under Hawai'i precedent, ... a breach [of a plea agreement] implicates due process, and the interests of justice." *Id.* at 101, 223 P.3d at 166 (citations and quotation marks omitted).

■ In the circumstances presented here, permitting the State to proceed with prosecution under HRS § 291E–61(a)(3) would constitute a breach of the plea agreement in violation of Nakano's due process rights. Accordingly, on remand, the State is precluded from prosecuting Nakano under the HRS § 291E–61(a)(3) method of proof. Since Nakano can be given the benefit of the plea agreement and has not sought to withdraw the plea, we have no occasion to consider whether any circumstances may exist that would support a motion to withdraw the plea, if a motion was filed by Nakano on remand. *See Adams*, 76 Hawai'i at 414, 879 P.2d at 519.[8]

## IV. Conclusion

We affirm the ICA's judgment vacating the district court's judgment, and remand for

---

8. Nevertheless, we recognize that, ordinarily, a defendant who successfully rescinds a plea agreement is returned to their status prior to their plea agreement, meaning the defendant must again face all of the charges in the original complaint. *See Adams*, 76 Hawai'i at 414 n.5, 879 P.2d at 519 n.5 (noting that "a defendant who elects to have a violated plea agreement rescinded must plead again to all charges in the original indictment"). However, in the instant case, it is not necessary to attack the plea agreement in order to vacate Nakano's conviction.

In this sense, *United States v. Barron*, 172 F.3d 1153 (9th Cir.1999), is instructive. There, the defendant, William Scott Barron, pled guilty to three counts in exchange for the government agreeing to refrain from bringing other, unspecified charges and to refrain from seeking a life sentence. *Id.* at 1155. One of the relevant counts in the plea agreement required the use of a firearm in relation to a drug trafficking crime. *Id.* After the plea was entered, the United States Supreme Court determined in an unrelated case that the relevant "use" of a firearm required "active employment" of the firearm. *Id.* at 1156 (citing *Bailey v. United States*, 516 U.S. 137, 143, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)). Barron then sought to set aside his conviction and sentence on the firearm count. *Id.* at 1156. The government conceded that the facts did not justify Barron's conviction, but a dispute arose as to whether the entire plea agreement involving all three counts should be rescinded. *Id.* The Ninth Circuit concluded that Barron was not required to withdraw his plea as to all three counts in order to set aside his invalid conviction. *Id.* at 1156, 1161. In support of its conclusion, the court noted that "Barron's motion purely and simply asked the district court to vacate a conviction that was void as a matter of law. The motion did not attack the plea agreement in any way." *Id.* at 1158. Moreover, the court noted that, because the firearm conviction was invalid, "[a]s an initial matter the government could not have said, 'You are innocent of using a gun, but if you'll plead to it, we'll give up charging you for your career offenses.'" *Id.* at 1159.

These considerations are particularly apt where, as here, the defendant conditionally pled no contest on the express condition that he be permitted to challenge the validity of the charge, and the charge ultimately was ruled invalid. As in *Barron*, the State could not have, in the first instance, required Nakano to plead to an invalid charge in exchange for refraining from prosecuting him under HRS § 291E–61(a)(3). Allowing the State to pursue that charge now that the invalid conviction has been vacated would give the State the benefit of a bargain to which Nakano did not agree. Moreover, the State was well aware of the potential that the HRS § 291E–61(a)(1) charge would be ruled invalid, given the discussions on the record regarding this court having accepted an application for a writ of certiorari in *Nesmith*. Accordingly, the State "could have anticipated the contingency that has arisen and included a provision protecting the government's interest in the event [the] conviction was vacated; that the government did not do so does not justify recission of the agreement." *Barron*, 172 F.3d at 1161.

further proceedings consistent with this opinion.