**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000497
12-MAY-2021
08:34 AM
Dkt. 61 SO**

NO.  CAAP-20-0000497


IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MICHAEL PALANI MAWAE, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO.  5CPC-19-0000065)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Michael Palani Mawae (**Mawae**) appeals from the July 15, 2020 Amended Judgment of Guilty Conviction and Probation Sentence entered by the Circuit Court of the Fifth Circuit (**Circuit Court**).[1]  On February 10, 2020, pursuant to a plea agreement with Plaintiff-Appellee State of Hawai'i (**State**), Mawae pled no contest to second-degree burglary amended from first-degree burglary, Abuse of Family or Household Members, and the State agreed to dismiss a charge of fourth-degree criminal property damage.  Mawae was sentenced to four years of probation with one year of incarceration, with credit for time served for the burglary charge, and two years of

---

[1]  The Honorable Randal G.B. Valenciano presided.

NOT FOR PUBLICATION  IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

probation for the abuse charge.  The Circuit Court also ordered restitution in the amount of $2,400 to the victim, which was later reduced to $1,904.

On appeal, Mawae contends that the Circuit Court erred by abusing its discretion when it sentenced Mawae:  (1) to pay restitution; and (2) to a term of incarceration "in excess of the Court's inclination . . . ."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm.

### No Error Regarding Restitution

Mawae contends that the Circuit Court "abused its discretion" by sentencing Mawae to pay restitution because Mawae was "induced to enter into a plea agreement in part because of the State's representation that 'it is not aware of any restitution that shall be sought.'"

In the plea agreement letter that was attached to the February 10, 2020 Change of Plea (**COP**) form, Mawae agreed *inter alia*, to pay restitution in an amount to be determined by Adult Client Probation Services (**ACPS**), and the State also represented that it was "not aware" of any restitution being sought by the victim, as follows:

> 15.  The Defendant agrees to pay restitution in an amount determined by Adult Client Probation Services as to all charges, **including any cases or charges to be dismissed**, and will not request a restitution hearing; the Defendant agrees to execute a Free Standing Order of Restitution as to the full amount of restitution.  The Defendant understands that the Court must order restitution for reasonable and verifiable losses requested by a victim or when the crime victim compensation fund makes an award; that restitution cannot be waived or converted to community service; and that, unless the amount of restitution has already been determined, the Court cannot determine what a possible

> restitution amount will be until a later time.  <u>(State is
> not aware of any restitution that shall be sought</u>)[.]

(first emphasis in original and second emphasis added).  In the
May 27, 2020 pre-sentence report prepared for Mawae's June 4,
2020 sentencing date, the "Victim/Restitution Information"
section stated that the victim could not be located.  The victim
contacted the prosecutor via email on May 29, 2020, requesting
$2,400 in restitution for therapy visits, supported by a letter
from her therapist.  The victim also attended the June 4, 2020
sentencing and addressed the Circuit Court.  The State requested
$2,400 in restitution for the victim, which the Circuit Court
ordered Mawae to pay.  After sentencing, Mawae filed a First
Amended Motion for Reconsideration of Sentence requesting an
evidentiary restitution hearing and for the Circuit Court to
strike the restitution because the request was not vetted by
ACPS.  At the first hearing on the motion on July 2, 2020, the
Circuit Court directed the prosecutor to submit the victim's
restitution request to ACPS, as stated in the plea agreement.
ACPS subsequently determined that restitution of $1,904 was
reasonable, and at the continued hearing on the reconsideration
motion on July 9, 2020, the Circuit Court reduced the restitution
to $1,904 from $2,400.

Mawae claims that the State's representation in the
plea offer letter about being unaware of restitution being
sought, was ambiguous, and that any ambiguity in a plea agreement
"is strictly construed in favor of the defendant," citing <u>State
v. Nakano</u>, 131 Hawaiʻi 1, 7, 313 P.3d 690, 696 (2013) (citation
omitted).  Mawae argues that despite the Circuit Court's
advisements regarding restitution during the change of plea
hearing, "a Defendant might reasonable [sic] conclude that such a
warning does not matter if they have reason to believe that no

3

restitution will be sought by the victim."  Mawae's contentions are without merit.

The State's representation in the plea agreement that it was unaware of restitution being sought was not ambiguous, nor did it render the plea agreement ambiguous.  Immediately preceding this statement in the plea agreement letter is an advisement that "unless the amount of restitution has already been determined, the Court cannot determine what a possible restitution amount will be until a later time."  In addition, the Circuit Court gave similar on-the-record advisements to Mawae during the COP colloquy that it was legally obligated to order restitution "for reasonable and verifiable losses claimed by the victim," that restitution could not be waived, and that the Circuit Court could not determine restitution until a later time, in accordance with State v. Kealoha, 142 Hawai'i 46, 414 P.3d 98 (2018).[2]  Mawae confirmed that he understood these advisements.[3]

---

[2]    In Kealoha, the Hawai'i Supreme Court held that trial courts must ensure that defendants understand the penalty of restitution that could be imposed as a consequence of conviction, and accordingly required that:

> (1) the court must order restitution for reasonable and verifiable losses requested by a "victim" or when the crime victim compensation fund makes an award; (2) the court cannot waive the restitution amount or convert it to community service; and (3) unless the amount of restitution has already been determined, the court cannot determine what a possible restitution amount will be until a later time.

142 Hawai'i at 61-62, 414 P.3d at 113-14 (emphasis in original).

[3]    The COP hearing transcript provides in pertinent part:

> THE COURT: . . . So regarding restitution, the Court must order restitution for reasonable and verifiable losses claimed by the victim or when the crime victim compensation fund makes an award.  The Court cannot waive restitution or convert it to community service work.  The Court cannot determine the amount of restitution until a later time.
>
> So, Mr. Mawae, is that your understanding of the plea

The record reflects that Mawae was clearly apprised before he entered his No Contest plea, that restitution was required if requested, the restitution amount had not yet been determined, and that the amount could not be determined until a later time. There was no ambiguity in the plea agreement itself, and the Circuit Court's restitution advisements complied with Kealoha, id.  Thus, Mawae's contention is without merit.

Assuming arguendo that the State's representation in the plea agreement letter that it was unaware of any restitution being sought was ambiguous, Mawae has not articulated the relief he seeks on appeal.  Mawae relies on Nakano for the proposition that "any ambiguity in the plea agreement is strictly construed in favor of the defendant," 131 Hawaiʻi at 7, 313 P.3d at 696, but Nakano also states that the remedy for a defendant who successfully rescinds a plea agreement is to be "returned to their status prior to their plea agreement . . . ." Id. at 8 n.8, 313 P.3d at 697 n.8 (citation omitted).  This means that "the defendant must again face all of the charges in the original complaint." Id.  In Mawae's situation, a rescinded "global plea agreement" means Mawae must face not only the original charges in this case, but all of the original charges in the three additional Fifth Circuit criminal cases covered by the

_____

bargain?

THE DEFENDANT: Yes, your Honor.

THE COURT:  [Defense Counsel], is that your understanding of the plea bargain?

[DEFENSE COUNSEL]: Yes, your Honor.

(emphases added).

5

agreement.[4]

In this case, however, Mawae is not claiming that his pleas were not knowingly and voluntarily entered due to the restitution ambiguity he complains of; nor is Mawae requesting to withdraw his pleas.  In fact, Mawae repeatedly asserts in his Opening Brief and Reply Brief that he is *not* requesting to withdraw his pleas in this appeal.[5]  The Opening Brief does not present any argument regarding the specific relief sought as to restitution, even assuming arguendo the plea agreement is ambiguous.  On the contrary, the Opening Brief only specifies what relief Mawae does not want.  This does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(9) (requiring that the relief sought be specified with particularity).

An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or disregards principles of law to the substantial detriment of a party.  State v. Austin, 143 Hawaiʻi 18, 29, 422 P.3d 18, 29 (2018) (citation omitted).  The Circuit Court did not abuse its discretion in sentencing Mawae to pay restitution, and this contention is without merit.  See id.

**No Error Regarding Sentencing**

Mawae contends that the Circuit Court "abused its discretion by varying from its sentencing inclination" and

_____

[4]     The global plea agreement in this case encompassed four criminal cases, consisting of three Circuit Court matters which included the current case 5CPC-19-000065, 5CPC-19-000092, and 5CPC-19-000217, and one district court matter, 5DCW-20-000039.

[5]     The Opening Brief states: "Mr. Mawae is not necessarily requesting an opportunity to withdraw his plea."  The Reply Brief reiterates:  "Mr. Mawae is not asking that the plea agreement be set aside," and "If this Court is of the view that Mr. Mawae must withdraw his plea to secure the relief requested, he does not wish to do so."

sentencing Mawae to probation with a term of incarceration that was beyond the credit for time served that Mawae claims he expected to receive. Mawae specifically argues that the Circuit Court's "apparent representations during plea discussions amount to statements of 'inclination'" under State v. Sanney, 141 Hawaiʻi 14, 404 P.3d 280 (2017). Mawae acknowledges, however, that at the change of plea hearing, the Circuit Court "did explain to Mr. Mawae that it did not view its inclination to be binding."

Preliminarily, the record does not reflect that the Circuit Court gave a sentencing inclination; on the contrary, the record reflects that the Circuit Court explicitly did not promise any particular sentence. The only evidence of the sentencing "inclination" comes from Mawae himself, in the COP form:

> . . . .
>
> 8. I have not been promised any kind of deal or favor or leniency by anyone for my plea, except that I have been told that the government has agreed as follows (if none, write "None"):
>
> See plea offer attached. The defendant was also told by the undersigned attorney that after discussions between the Court and counsel for both parties the court indicated that it thought the defendant had done enough time and if he entered a plea the Court would impose a sentence of probation upon such terms and conditions as the Court deems appropriate. √ I know that the court is not required to follow any deal or agreement between the Government and me. I know that the court has not promised me leniency. ___ The court has agreed to follow the plea agreement pursuant to Rule 11, Hawaii Rules of Penal Procedure.
>
> 9. I further state that (if none, write "None"):
> The defendant understands that the [sic] while this plea is not tendered pursuant to Rule 11 the plea is tendered in consideration of what he was told by his attorney as reflected above.

7

(emphases added).  Mawae claims that this statement in the COP form constituted an inclination for a sentence of credit for time served that he expected to receive.  However, the words "credit for time served" are not in the COP form.  The words "defendant had done enough time" in the COP form appeared in the same sentence as the words "the Court would impose a sentence of probation upon such terms and conditions as the Court deems appropriate."  This combination of phrases does not convey a credit for time served sentence.  Mawae's premise that these words constitute a credit for time served inclination is unfounded.

The record reflects that the Circuit Court explicitly informed Mawae that the Circuit Court was "not bound" by "any statement made" during any discussions with the attorneys, and the Circuit Court further reminded Mawae, more than once, that it had not made any promises, as follows:

> THE COURT:  So when I look at paragraph eight, it says -- in small print, it says:  See plea offer attached.  The defendant was also told by the undersigned attorney that after discussions and the -- between the Court and counsel for both parties, the Court indicated that it thought the defendant had done enough time, and if he entered a plea, the Court would impose a sentence of probation upon such terms and conditions as the Court deems appropriate.
>
> Okay.  So here's the thing.  I'm not making any promises.  You need to understand this is not a Rule 11 situation.  I want to be clear.  A Rule 11 situation means the Court is bound by any -- any statement made. I'm not bound by anything.  I haven't promised you anything.  So you need to be aware of the maximum penalties.  You understand that?  So this is not a Rule 11.
>
> THE DEFENDANT:  Yes, your Honor.
>
> THE COURT:  You understand that?  Knowing that I'm not bound by any discussions we had between the attorneys regarding this case, you still want to go forward with the change of plea proceeding today?

> THE DEFENDANT:  <u>Yes, your Honor</u>.

(emphases added).  At a later point during the colloquy, the Circuit Court again clearly disavowed any promise of leniency:

> THE COURT:  Okay.  So -- basically what I want to tell you is that <u>I haven't promised you leniency at time of sentencing</u>.  The State can argue for whatever sentence. [Defense Counsel] can argue on your behalf for whatever sentence is appropriate.  The Court can decide whatever sentence is appropriate for you.  So - basically everybody can make arguments for the Court to decide what's appropriate at the time of sentencing.  <u>You understand that</u>?
>
> THE DEFENDANT:  <u>Yes, your Honor</u>.

(emphases added).

The transcript of the COP hearing reflects that even if Mawae had incorrectly understood the Circuit Court to have stated during plea negotiations that it would not impose an open term of imprisonment or that it would not impose further incarceration as a condition of probation, the Circuit Court explicitly corrected any misimpression Mawae or Mawae's counsel may have had. Therefore, Mawae's contention that there was a "sentencing inclination" is not supported by the record, and is without merit.

Mawae's argument relying on <u>Sanney</u> is also without merit.  The <u>Sanney</u> Court set forth a new rule that:

> [i]f a defendant pleads guilty or no contest in response to a court's sentencing inclination, but the court later decides not to follow the inclination, then the court must so advise the defendant and provide the defendant with the opportunity to affirm or withdraw the plea of guilty or no contest.

141 Hawai'i at 25, 404 P.3d at 291.  In <u>Sanney</u>, the trial court's sentencing inclination of probation with up to 18 months incarceration was clearly on the record and confirmed by the trial court.  <u>Id.</u> at 17, 404 P.3d at 283.  <u>Sanney</u> does not apply

9

to this case because this record does not show that there was a sentencing inclination, nor does it show that Mawae pled no contest "in response" to any inclination.  Id. at 25, 404 P.3d at 291.

Mawae also complains on appeal that the Circuit Court "did not, however, provide Mr. Mawae with an opportunity to withdraw his plea at sentencing, as is required by Sanney."  This argument is waived because Mawae never moved, or requested to withdraw his plea at the sentencing hearing on June 4, 2020; nor did Mawae request to withdraw his plea at the reconsideration hearings on July 2 or July 9, 2020.  See State v. Hoglund, 71 Haw. 147, 150, 785 P.2d 1311 1313 (1990) ("Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal.").

Finally, Mawae presents no authority for his requested relief that his sentence "be reduced in accordance with the Court's sentencing inclination."  Under the authority of Sanney that Mawae himself relies on, the remedy is for the trial court to give Mawae an "opportunity" to affirm or withdraw his no contest plea.  141 Hawaiʻi at 25, 404 P.3d at 291.  See also Nakano, 131 Hawaiʻi at 8 n.8, 313 P.3d at 697 n.8 (recognizing that "ordinarily, a defendant who successfully rescinds a plea agreement is returned to their status prior to their plea agreement . . . .").  Yet, as noted supra, Mawae takes the incongruous position in his opening and reply briefs, that he is *not* requesting to withdraw his plea.[6]  No authority supports

---

[6]     Mawae explains his inconsistent position as follows:

> If this Court is of the view that Mr. Mawae must withdraw his plea to secure the relief requested, he does not wish to do so.  However, Mr. Mawae's position is that he has detrimentally relied upon the terms of the plea

Mawae's requested relief for a reduced term of incarceration without withdrawing his pleas and undoing the global plea agreement, and thus Mawae's contention is patently without merit. The Circuit Court did not abuse its discretion in the sentence it imposed on Mawae, which was consistent with the plea agreement. See Austin, 143 Hawaiʻi at 29, 422 P.3d at 29.

Therefore, IT IS HEREBY ORDERED that the Amended Judgment of Guilty Conviction and Probation Sentence, entered on July 15, 2020, in the Circuit Court of the Fifth Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, May 12, 2021.

On the briefs:

Matthew Mannisto
(Law Office of Matthew Mannisto)
for Defendant-Appellant

Tracy Murakami
Deputy Prosecuting Attorney
County of Kauaʻi
for Plaintiff-Appellee

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

agreement and endured 6 months of incarceration since the date that he was sentenced in reliance upon its terms.  In such circumstances, requiring withdrawal of the plea would be unfair to Mr. Mawae, just as it would be unfair to allow the State to reinstitute the cases dismissed under the plea agreement.

Mawae has not presented any authority supporting the above justification for these inconsistent positions he advances on appeal.  The authority of State v. Guity, 144 Hawaiʻi 557, 445 P.3d 138 (2019) Mawae relies on in the Reply Brief, is inapposite.  The Guity Court held that where the ICA correctly concluded that Guity was entitled to withdraw his plea in one of his criminal cases in a global plea agreement, Guity must be allowed to withdraw his plea in the remaining criminal case that was included in the agreement.  Id. at 563, 445 P.3d at 144.