**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000439
23-NOV-2021
07:50 AM
Dkt. 84 SO**

NO. CAAP-20-0000439


IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
ANGELO DAVID PENQUE ALSO KNOWN AS JUSTIN DWAYNE SHEPERD,
Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NOS. 2CPC-18-0000877(2), 2CPC-19-0000775(2) and
2CPC-19-0000156(2))


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Angelo David Penque aka Justin Wayne Sheperd (**Penque**) appeals from the June 5, 2020 Amended Judgment; Conviction and Sentence; Notice of Entry (**Amended Judgment**) filed by the Circuit Court of the Second Circuit (**Circuit Court**).[1] Penque pleaded no contest in accordance with a plea agreement (**Plea Agreement**) with Plaintiff-Appellee State of Hawaiʻi (**State**), and the Circuit Court convicted him in 2CPC-18-0000877 of Ownership or Possession Prohibited (**Possession Prohibited**) (Count 1), in violation of Hawaii Revised Statutes (**HRS**) § 134-7(b), and Reckless Endangering in the First Degree (**Reckless Endangering First**) (Count 5), in violation of HRS §

_____

[1] The Honorable Peter T. Cahill presided

707-713(1); and in 2CPC-19-0000156 of Bail Jumping in the First Degree (**Bail Jumping First**)(Count 1), in violation of HRS § 710-1024.

On appeal, Penque contends that: (1) the Circuit Court abused its discretion in sentencing Penque to open terms of imprisonment rather than to terms of probation; and (2) Penque is entitled to withdraw his no contest plea because the State breached the Plea Agreement.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Penque's points of error as follows, and vacate and remand.

We address Penque's second contention as it is dispositive. Penque contends the Plea Agreement required him only to plead no contest, and that despite fulfilling his end of the bargain, the State breached the agreement by recommending open terms at sentencing. The State argues, *inter alia*, that Penque breached the Plea Agreement by failing to report for his pre-sentence interview appointment, failing to appear at sentencing, and allegedly testing "dirty" for illegal substances while on supervised release; thus, Penque could have reasonably expected the State to argue for open terms of imprisonment as a consequence of his breach.

Although Penque failed to raise his claim of a breached plea agreement before the Circuit Court, a failure to raise the issue at sentencing does not preclude appellate review under the plain error doctrine. State v. Miller, 122 Hawaiʻi 92, 101, 223 P.3d 157, 166 (2010). "[B]reaches of plea agreements provide appropriate bases for appellate review under the plain error standard, inasmuch as a breach implicates due process and the interests of justice." Id. (internal quotation marks and citations omitted).

2

Here, it is undisputed that the terms of the Plea Agreement were initially reduced to writing in paragraph 8 of the No Contest Plea form, which provides as follows:

> 8.　I have not been promised any kind of deal or favor or leniency by anyone for my plea, except that I have been told that the government has agreed as follows: **In Case # 2CPC-18-0000156(2) [sic], Defendant will plead no contest to the single count of [Bail Jumping First] Defendant [sic].　In Case # 2CPC-19-000877(2) [sic], Defendant will plead no contest to Count One [Possession Prohibited] and Count Five [Reckless Endangering First.]** *State agrees to dismiss Counts Two thru [sic] Four and Counts Six thru [sic] Nine. The State will also dismiss Case Nos., 2CPC-19-000744 [sic] and 2CPC-19-000745 [sic].　The State will recommend probation of four years with 18 months jail as a special term of probation[,] all terms to run concurrently.　Defendant is free to argue for credit for time served.　Defendant shall be placed on supervised release at the Change of Plea Hearing until a sentencing hearing is held.*

(Bolding and italics in original).

The State argues, *inter alia*, that Penque also "acquiesced to the [additional] terms . . . as put on the record by the Court at his change of plea hearing[.]"[2]　Penque counters

---

[2]　At the January 30, 2020 change of plea (**COP**) hearing, the Circuit Court advised Penque as follows:

> THE COURT:　Okay.　Now, you do have this plea deal.　I'm not going to make any promises or commitments to you.　I want to see that you return here.　I want to go through the PSI and consider everything that's on the table at that point.　But the deal you do have with the State is you're going to plead to these charges.　They will dismiss any other charges after sentencing.　That's the way that goes.
>
> For purposes of sentencing, the State will agree that you should be placed on probation.　However, the State's free to argue for the maximum jail time, so that would be 18 months on the B [felony] and 12 months on each of the C [felonies].　Obviously, you're going to be asking for no more jail time at sentencing.
>
> The Court may impose other terms and conditions. So that's the essential portions of the plea deal.　Do you understand that?

(continued...)

that his discussion with the Circuit Court did not amend the Plea Agreement because the Circuit Court was not a party to the agreement.

> A plea agreement is essentially a contract entered into between the State and the defendant, in which the defendant agrees to plead guilty or no contest to a charge and to forego certain constitutional rights (including the right to trial) in exchange for which the State promises some form of leniency or cooperation in prosecution. Indeed, courts have often looked to contract law analogies in determining the rights and obligations of the parties to a plea agreement. However, because the plea negotiation process implicates constitutional considerations—including the fairness and voluntariness of the plea—we have recognized that resort to contract principles cannot solely be determinative of the rights and duties comprising the plea bargain.

---

[2](...continued)

THE DEFENDANT: Yes, I do.

THE COURT: Okay. Now, very important part: The State is agreeing and I am also going to allow you to have supervised release through sentencing. So, Mr. Penque, you will have to report to Maui Intake Service Center.

THE DEFENDANT: Yeah.

THE COURT: Okay. You are going to have to also go to Adult Client Services to make sure you get the information to them about the PSI.

THE DEFENDANT: Okay.

THE COURT: So two separate places. Just understand, if you violate the supervised release terms, the State's probably going to move to revoke you.

THE DEFENDANT: Yeah, [the State] will have me right back here in a heartbeat. I get it.

THE COURT: You get it and jeopardize the plea deal.

THE DEFENDANT: I understand that as well.

The January 30, 2020 minutes provide in relevant part: "Sentencing set for 04/23/20 . . . . Pursuant to plea agreement, defendant released on supervised release."

Miller, 122 Hawaiʻi at 104, 223 P.3d at 169 (Italics and citation omitted).

Here, the Circuit Court was not a party to the Plea Agreement.  The Circuit Court also did not agree to be bound by it, as the Plea Form contains the following acknowledgment:  "I know that the court is not required to follow any deal or agreement between the Government and me."  The Circuit Court informed Penque that it would place Penque on supervised release until sentencing, which the State had agreed to, under the Plea Agreement.  The Circuit Court's discussion with Penque concerned the terms and conditions of granting his supervised release, not the terms of the Plea Agreement.  The Circuit Court's statement, that Penque would "jeopardize the plea deal" if he violated the supervised release terms, was a warning that the Circuit Court would be disinclined to accept the State's recommended sentence pursuant to the Plea Agreement if Penque violated the supervised release conditions.

Thus, Penque's sole obligation under the Plea Agreement was to plead no contest to the enumerated charges, and he did so.  The State, however, breached the agreement when it argued for open terms of incarceration at sentencing, instead of "recommend[ing] probation of four years with 18 months jail as a special term of probation[,] all terms to run concurrently" in accordance with the agreement.

"It is well settled that the terms of a plea agreement, which serve as the inducement for entering a plea, must be fulfilled."  State v. Adams, 76 Hawaiʻi 408, 414, 879 P.2d 513, 519 (1994) (citations omitted).  "Where a defendant is denied due process because the prosecution violates a plea agreement, there is manifest injustice as a matter of law."  Miller, 122 Hawaiʻi at 100, 223 P.3d at 165 (brackets, italics and citation omitted).  The State's failure to recommend the probation sentence it expressly agreed to under the plea agreement constitutes "manifest injustice as a matter of law[.]"  Id.

Upon the prosecution's breach of a plea agreement, a case must be vacated and remanded in the interests of justice, regardless of whether the breach prejudiced the defendant.  Id. at 101, 223 P.3d at 166 (citing Santobello v. New York, 404 U.S. 257, 262 (1971)).  In light of our conclusion that the State breached the plea agreement, we vacate the Judgment and Penque's sentence, and we do not address Penque's remaining contention that the Circuit Court abused its discretion in the particular sentence it imposed.

Either resentencing or withdrawal of a plea may be the appropriate remedy depending on the defendant's particular circumstances.  Adams, 76 Hawaiʻi at 414, 879 P.2d at 519. Courts should give considerable weight to the choice of the defendant.  Id.; see State v. Abbott, 79 Hawaiʻi 317, 321, 901 P.2d 1296, 1300 (App. 1995) (remanding for resentencing before a different judge "[b]ecause Defendant has not sought to withdraw his no-contest plea and instead requests resentencing before a new judge, and because Defendant's choice of remedies is entitled to great weight . . . .") (internal citation omitted).  Penque requests two alternative forms of relief from this court, to either:  (1) vacate and remand this case for resentencing "and order that the Circuit Court resentence Penque to terms of probation in 2CPC-18-0000877 and 2CPC-19-0000156, as the court's sentences to the open terms constitued an abuse of discretion," or (2) allow Penque to "withdraw his no-contest pleas in 2CPC-18-0000877 and 2CPC-19-0000156 due to the State's breach of the plea agreement which constituted manifest injustice to support withdrawal of his pleas."

As noted supra, because the Circuit Court was not a party to the Plea Agreement and has sentencing discretion under HRS §§ 706-606 (2014) and 706-621 (2014),[3] there is no basis for

---

[3]     HRS § 706-606 sets forth factors to be considered in imposing a sentence, and HRS § 706-621 provides factors to be considered in imposing a
(continued...)

Penque's first alternative requested relief.  As to Penque's second alternative requested relief, Penque shall be entitled to withdraw his no-contest pleas in 2CPC-18-0000877 and 2CPC-19-0000156 due to the State's breach of the plea agreement.[4]

Therefore, IT IS HEREBY ORDERED that the Amended Judgment; Conviction and Sentence; Notice of Entry, filed on June 5, 2020, in the Circuit Court of the Second Circuit, is vacated with respect to the sentence, and we remand this case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaii, November 23, 2021.

On the briefs:

Alen M. Kaneshiro
for Defendant-Appellant

Mark R. Simonds
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[3](...continued)
term of probation in lieu of imprisonment.

[4]    In State v. Nakano, 131 Hawaiʻi 1, 8 n.8, 313 P.3d 690, 697 n.8 (2013), the Hawaiʻi Supreme Court recognized that "ordinarily, a defendant who sucessfully rescinds a plea agreement is returned to their status prior to their plea agreement, meaning the defendant must again face all of the charges in the original complaint."  (citing Adams, 76 Hawaiʻi at 414 n.5, 879 P.2d at 519 n.5 (noting that "a defendant who elects to have a violated plea agreement rescinded must plead again to all charges in the original indictment")).  If Penque selects the remedy of rescission of the Plea Agreement due to the breach, Penque is "returned to [his] status prior to [his] plea agreement," meaning that Penque "must again face all of the charges" in all four cases that were included in the Plea Agreement:  2CPC-18-0000877(2), 2CPC-19-0000156(2), 2CPC-19-0000744, 2CPC-19-0000745.  Id.